J-S24037-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
RASHEEN J. BROWN :
:
Appellant : No. 1846 EDA 2018

Appeal from the PCRA Order Entered May 31, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0002569-2012

BEFORE: LAZARUS, J., McLAUGHLIN, J., and STEVENS*, P.J.E.

MEMORANDUM BY STEVENS, P.J.E.: **FILED MAY 28, 2019**

Appellant Rasheen J. Brown appeals *pro se* from the Order entered in

the Court of Common Pleas of Philadelphia County on May 31, 2018, denying

his first petition filed pursuant to the Post Conviction Relief Act.[1]

A panel of this Court previously set forth the relevant facts and

procedural history herein as follows:

> On October 17, 2011, shortly before midnight, Akkier
> McKinney ("the victim") and a man identified by the nickname
> "Sheed" began to argue on the sidewalk in front of El Ran's Bar in
> the Frankford section of Philadelphia. The victim accused Sheed
> of being disrespectful and asked Sheed to step into the street to
> fight. Sheed responded to the victim: "I don't do this fighting, I
> play with guns." N.T., 6/20/13, at 160.
> Witnesses began to gather outside the bar as the two men
> continued their heated exchange. Four of Sheed's friends,
> including Appellant, Christopher Graham, Alan Jackson, and an
> unidentified man in a gray hoodie came out of the bar to help
> Sheed. After Sheed told Appellant to "get the .40," Appellant

---

[1] 42 Pa.C.S.A. § 9541-9546.

---

* Former Justice specially assigned to the Superior Court.

walked off with Graham and the man in the hoodie. *Id.* at 21. Sheed and Jackson continued to argue with the victim, who was now sitting in the driver's seat of his vehicle. Shortly thereafter, Appellant returned to the scene in a silver car, exited the vehicle, and approached the victim's vehicle. Looking at Sheed and Appellant, the victim stated "Oh, I see how you all trying to do." *Id.* at 162. Once Sheed yelled "light him the fuck up," Appellant fired his weapon at the victim several times. *Id.*

William Fowler, the bartender at El Ran's Bar, who had observed the altercation and shooting, ran back into the bar for cover. Once the shooting ceased, Fowler exited the bar and found the victim alive, twitching with broken glass in his eyes from the shattered driver's side window of his vehicle. Fowler contacted the police, who transported the victim to the hospital, where he was pronounced dead. The victim sustained gunshot wounds to the head, abdomen, and thigh. Officers retrieved five .40 caliber Smith & Wesson cartridge casings from the crime scene. Fowler and another eyewitness, Lalana Brown, gave statements to the police about the shooting. Fowler was able to identify Appellant, who he knew, as the shooter.

Police also questioned Graham, who told police he had not witnessed the shooting but heard gunshots from around the street corner. Graham indicated he called Appellant's cell phone repeatedly, but was unable to reach him. However, the morning after the shooting, Graham met with Appellant and asked what had happened to the victim. Appellant laughed and replied, "he's done, it's over, finito." *Id.* at 22. After police showed Graham still photographs taken from the bar's surveillance video, Graham identified Appellant as being present at the shooting.

Appellant proceeded to a jury trial that commenced on June 18, 2013. During trial, the Commonwealth called Fowler, Brown, and Graham to testify, but all three witnesses recanted their accounts of the crime. Brown and Graham claimed to have been intoxicated when they gave their initial statements to police and were uncooperative with the prosecutor on direct examination. Fowler alleged that the police coerced his written statement as he was not given anything to drink for twelve hours and asserted the officers punched and slapped him until he identified Appellant as the shooter. The Commonwealth introduced into evidence Fowler, Brown, and Graham's initial accounts of the shooting as prior inconsistent statements.

At the conclusion of the trial, on June 26, 2013, a jury convicted Appellant of the aforementioned offenses. On the same day, the trial court imposed a mandatory life sentence for

> Appellant's first-degree murder conviction pursuant to 18 Pa.C.S.A. § 1102(a)(1). On July 1, 2013, Appellant filed a post-sentence motion through counsel, but subsequently filed a petition to proceed *pro se.* On September 6, 2013, the trial court held a hearing pursuant to **Commonwealth v. Grazier**, 552 Pa. 9, 713 A.2d 81 (1998), and granted Appellant leave to proceed *pro se.* After Appellant adopted the post-sentence motion previously filed by counsel, the trial court denied the post-sentence motion on October 16, 2013. Appellant filed this timely appeal on October 30, 2013.

**Commonwealth v. Brown**, 134 A.3d 1097, 1101–02 (Pa.Super. 2016), *appeal denied*, 636 Pa. 657, 145 A.3d 161 (2016).

This Court affirmed Appellant's judgment of sentence on February 17, 2016. **See id**. The Pennsylvania Supreme Court denied further review on July 26, 2016. **Commonwealth v. Brown**, 145 A.3d 161 (Pa. July 26, 2016).

On August 23, 2016, Appellant field a *pro se* petition pursuant to the PCRA. PCRA counsel was appointed on July 5, 2017, and filed a motion to withdraw and a no-merit letter pursuant to **Commonwealth v. Turner**, 518 Pa. 491, 544 A.2d 927 (1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) after determining that no issues of arguable merit existed.

Upon conducting an independent review of the record, the PCRA court issued notice of its intention to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907. On May 31, 2018, after reviewing Appellant's multiple, *pro se* filings in response to counsel's motion to withdraw, the PCRA court denied Appellant's PCRA petition. Appellant timely appealed.

In his brief, Appellant presents the following eleven issues for this Court's review which we repeat verbatim:

1. Did the PCRA court err, as a matter of law, in dismissing Appellant's PCRA petition where:
A. Trial counsel was ineffective for failing to object to the prosecutor's deliberate misstatement(s) of evidence during closing argument?
B. Trial counsel was ineffective for failing to object to the trial court's playback of the video during deliberations without Appellant or the trial judge being present in violation of Pa.R.Crim.P. 601 and 602 and the Sixth Amendment to the U.S. Constitution?
C. Trial counsel was ineffective for failing to object to ex parte contact between the court crier and the jury and/or for failing to request a reviewable contemporaneous record of said contact?
D. Trial counsel was ineffective for failing to raise and/or object to the trial court's error in allowing the jury's verdict to stand where the jury violated two stipulations in order to arrive at their finding of guilt?
E. Both trial and appellate counsel were ineffective for failing to challenge the sufficiency of the evidence, specifically citing *Commonwealth v. Santana,* 333 A.2d 876 (Pa. 1975), where William Fowler's statement is in contradiction to the physical facts, in contravention to human experience and the laws of nature?
F. Trial counsel labored under a conflict of interest and his conviction for participating in a drug ring constitutes newly discovered evidence warranting a new trial?
G. PCRA counsel provided ineffective assistance of counsel, in violation of Pa.R.Crim.P. 904 (c), where PCRA counsel failed to raise trial counsel's failure to conduct any independent pre-trial investigation?
H. PCRA counsel provided ineffective assistance of counsel, in violation of Pa.R.Crim.P. 904 (c), where PCRA counsel failed to raise trial counsel's failure to effectively cross-examine Lalana Brown.
I. PCRA counsel provided ineffective assistance of counsel, in violation of Pa.R.Crim.P. 904(c), where PCRA counsel failed to raise trial counsel's failure to cross-examine William Fowler- in any capacity?

J. PCRA counsel provided ineffective assistance of counsel, in violation of Pa.R.Crim.P. 904 (c), where PCRA counsel failed to raise trial counsel's failure to effectively cross-examine Det. Raymond Andrejczak?

K. PCRA counsel's Finley Letter is/was insufficient where it failed to address claim that trial counsel was ineffective for failing to object to the prosecution's knowing use of perjured testimony in violation of Pyle v. Kansas, Mooney v. Holohan, and Napue v. Illinois?

Brief for Appellant at 6-7. (unnecessary capitalization omitted).

Preliminarily, we note that "[t]his Court's standard of review from the grant or denial of post-conviction relief is limited to examining whether the lower court's determination is supported by the evidence of record and whether it is free of legal error." *Commonwealth v. Morales*, 549 Pa. 400, 409, 701 A.2d 516, 520 (1997) (citing *Commonwealth v. Travaglia*, 541 Pa. 108, 117 n. 4, 661 A.2d 352, 356 n.4 (1995)). This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. *Commonwealth v. Boyd*, 923 A.2d 513 (Pa.Super. 2007), *appeal denied*, 593 Pa. 754, 932 A.2d 74 (2007). We give no such deference, however, to the court's legal conclusions. *Commonwealth v. Ford*, 44 A.3d 1190 (Pa.Super. 2012). Further, a petitioner is not entitled to a PCRA hearing as a matter of right; the PCRA court can decline to hold a hearing if there is no genuine issue concerning any material fact, the petitioner is not entitled to relief, and no purpose would be served by any further proceedings. *Commonwealth v. Wah*, 42 A.3d 335 (Pa.Super. 2012).

Where, as here, a petitioner claims that he received ineffective assistance of counsel, our Supreme Court has directed that the following standards apply:

[A] PCRA petitioner will be granted relief only when he proves, by a preponderance of the evidence, that his conviction or sentence resulted from the "[i]neffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S. § 9543(a)(2)(ii). "Counsel is presumed effective, and to rebut that presumption, the PCRA petitioner must demonstrate that counsel's performance was deficient and that such deficiency prejudiced him." [**Commonwealth v.**] **Colavita**, 606 Pa. [1,] 21, 993 A.2d [874,] 886 [(Pa. 2010) ] (citing **Strickland**[ **v. Washington**, 104 S.Ct. 2053 (1984)] ). In Pennsylvania, we have refined the **Strickland** performance and prejudice test into a three-part inquiry. **See** [**Commonwealth v.**] **Pierce**, [515 Pa. 153, 527 A.2d 973 (Pa. 1987)]. Thus, to prove counsel ineffective, the petitioner must show that: (1) his underlying claim is of arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) the petitioner suffered actual prejudice as a result. **Commonwealth v. Ali**, 608 Pa. 71, 86, 10 A.3d 282, 291 (2010). "If a petitioner fails to prove any of these prongs, his claim fails." **Commonwealth v. Simpson**, [620] Pa. [60, 73], 66 A.3d 253, 260 (2013) (citation omitted). Generally, counsel's assistance is deemed constitutionally effective if he chose a particular course of conduct that had some reasonable basis designed to effectuate his client's interests. **See Ali, supra**. Where matters of strategy and tactics are concerned, "[a] finding that a chosen strategy lacked a reasonable basis is not warranted unless it can be concluded that an alternative not chosen offered a potential for success substantially greater than the course actually pursued." **Colavita**, 606 Pa. at 21, 993 A.2d at 887 (quotation and quotation marks omitted). To demonstrate prejudice, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." **Commonwealth v. King**, 618 Pa. 405, 57 A.3d 607, 613 (2012) (quotation, quotation marks, and citation omitted). "'[A] reasonable probability is a probability that is sufficient to undermine confidence in the outcome of the proceeding.'" **Ali**, 608 Pa. at 86–87, 10 A.3d at 291 (quoting

> ***Commonwealth v. Collins***, 598 Pa. 397, 957 A.2d 237, 244
> (2008) (citing ***Strickland***, 466 U.S. at 694, 104 S.Ct. 2052)).

***Commonwealth v. Spotz***, 624 Pa. 4, 33-34, 84 A.3d 294, 311–12 (2014).

Before we can address the merits of Appellant's first claim, we first must determine whether the issue has been previously litigated. A claim that has been previously litigated is not cognizable for collateral relief, and the PCRA defines a matter as having been previously litigated when "the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue." 42 Pa.C.S.A. § 9544(a)(2). "[T]he fact that a petitioner presents a new argument or advances a new theory in support of a previously litigated issue will not circumvent the previous litigation bar." ***Commonwealth v. Roane***, 142 A.3d 79, 94 (Pa.Super. 2016) (citations omitted).

Herein, Appellant challenges the propriety of the prosecutor's comments regarding witness testimony during closing argument under the guise of an ineffective assistance of counsel claim; however, he previously presented this challenge on direct appeal, and this Court found no merit to those assertions. We, therefore, find that Appellant's first issue has been previously litigated, having been decided by a previous panel of this Court, and is not cognizable under the PCRA. Accordingly, Appellant is not entitled to relief on this issue. ***Roane***, ***supra*** at 94.

Appellant's second and third claims pertain to trial counsel's alleged ineffectiveness for failing to object to the trial court's allowing a video admitted

onto evidence at trial to be replayed for the jury in the presence of the court crier without the trial court or Appellant also being present. Appellant devotes just one paragraph of argument to each of these issues wherein he includes bald allegations of trial counsel's ineffectiveness. "When an appellant fails to meaningfully discuss each of the three ineffectiveness prongs, he is not entitled to relief, and we are constrained to find such claims waived for lack of development." *Commonwealth v. Fears*, 624 Pa. 446, 461, 86 A.3d 795, 804 (2014) (internal citation and quotation marks omitted). At no point does Appellant address any prong of the effectiveness test in his brief arguments on these points. It is not the role of this Court to generate Appellant's arguments for him. *Id*. Therefore, we find these claims waived for lack of development.

Appellant next posits the jury's verdict cannot stand because it violates an agreement between the prosecution and defense that upon returning to the scene of the murder, Appellant walked across the street from McKinney's car and stood by a fire hydrant. Brief for Appellant at 17 citing N.T. 6/21/13, at 58-59. This argument essentially presents a challenge to the weight of the evidence to support his convictions. On direct appeal, this Court thoroughly considered and ultimately rejected Appellant's challenge to the weight of the evidence to support each of his convictions. *See Brown*, *supra* at 1103-05 (concluding "the trial court properly exercised its discretion in finding the

jury's verdict was not so contrary to the evidence as to shock the conscience."). Therefore, this issue merits no relief. *Roane*, *supra* at 94.

Despite the fact that Appellant's fifth, seventh, eighth, ninth and tenth claims purport to sound in the alleged ineffectiveness of trial counsel and/or appellate counsel, aside from his bald allegations, Appellant does not offer argument in support of those claims under that rubric. Instead, Appellant presents a brief argument in support of each as if he were on direct appeal and challenges the sufficiency of the evidence, the pretrial investigation, and trial counsel's failure to cross-examine witnesses effectively. *See* Brief for Appellant at 17-24.

We have recognized that claims of ineffective assistance of counsel on collateral review often are derivative of waived claims of trial error. *Commonwealth v. Williams*, 566 Pa. 553, 567, n.5, 782 A.2d 517, 525 n. 5 (2001). *See also Commonwealth v. Abdul-Salaam*, 570 Pa. 79, 88-89, 808 A.2d 558, 562-63 (2001) (Castille, J., concurring). An issue is waived under the PCRA "if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding." 42 Pa.C.S.A. § 9544(b); *see also Commonwealth v. Ragan*, 560 Pa. 106, 743 A.2d 390, 395 (1999). Appellant's aforementioned claims sounding in sufficiency of the evidence, insufficient pretrial investigation and counsel's failure to cross-examine witnesses all were available to him on direct

appeal. Since these claims could have been raised in that appeal but were not, they arguably are waived under the PCRA. 42 Pa.C.S.A. §§ 9543, 9544.

Notwithstanding, to the extent his bald allegations of counsels' ineffectiveness may be viewed as sufficient to preserve these claims for review on the merits under the PCRA, we conclude he is not entitled to relief thereunder and in doing so rely on the well-reasoned opinion of the PCRA court, the Honorable Glenn B. Bronson. *See* PCRA Court Opinion, filed 9/26/18, at 12-19 (finding: Appellant's claim that trial and appellate counsel failed to challenge the sufficiency of the evidence had no basis in fact because trial counsel had made an oral motion for judgment of acquittal challenging the sufficiency of the evidence with regard to all charges and also filed a post-sentence motion setting forth the same challenge; defense counsel's convictions on February 2, 2017, in federal court of money laundering, witness tampering and obstruction of official proceedings in connection with a drug trafficking organization did not actually adversely affect his representation of Appellant in the instant, wholly unrelated state court proceeding; delay in obtaining Alan Jackson's sworn statement exonerating Appellant until the Friday before the commencement of trial was not the fault of counsel who was unaware of Jackson's previous conversation with Appellant while the latter was in prison and, notwithstanding, Jackson's credibility was impeached at trial making him an "utterly incredible" witness; trial counsel effectively cross-examined Lalana Brown and Officer Andrejczak; and trial counsel explained to

the jury his decision not to cross-examine William Fowler, whose testimony was consistent with the defense version of events, during closing argument). Following our review, we find the record supports the PCRA court's decision to deny PCRA relief without a hearing on these claims on the grounds it asserted.

Appellant's sixth claim alleges defense counsel labored under a conflict of interest in light of his 2017 convictions in federal court which constitute after discovered evidence warranting a new trial.[2] Our Supreme Court has held that to establish an actual conflict of interest for the purposes of a claim of ineffective assistance of counsel, an appellant must show that "counsel actively represented conflicting interests and [] counsel's conflict of interest actually affected the adequacy of counsel's representation. U.S.C.A. Const.Amend. 6." *Commoonwealth v. Philistin*, 617 Pa. 358, 53 A.3d 1 (2012). In addition, to warrant a new trial based upon his after-discovered evidence claim, Appellant must show that "the evidence "(1) could not have been obtained prior to trial by exercising reasonable diligence; (2) is not merely corroborative or cumulative; (3) will not be used solely to impeach a

_____

[2] While Appellant could not have raised this issue on direct appeal which was filed on October 30, 2013, he did assert at that time that two newspaper articles pertaining to possible misconduct on the part of two Philadelphia police detectives constituted after-discovered evidence entitling him to a new trial. This Court found such evidence did not constitute after-discovered evidence and that, in the alternative, even if such evidence were admissible at an evidentiary hearing, it would be used solely to impeach a witness's testimony and not to offer new evidence concerning Appellant's conduct in this case. *Brown*, *supra* at 1109.

- 11 -

witness's credibility; and (4) would likely result in a different verdict." **Commonwealth v. Castro**, 625 Pa. 582, 588, 93 A.3d 818, 821 (2014) (quoting **Commonwealth v. Pagan**, 597 Pa. 69, 950 A.2d 270, 292 (2008)) **see also**, **Commonwealth v. Brown**, 134 A.3d 1097, 1108 (Pa.Super. 2016). Evidence that does not tend to prove actual innocence does not provide a basis for relief under 42 Pa.C.S.A. § 9543(a)(2)(vi).

Herein, Appellant maintains that "counsel's conviction constitutes evidence of his divided loyalty which he reserved for his high-paying criminal cohorts/clients[.]" Brief for Appellant at 20. Aside from his failure to develop and support adequately this assertion, as the PCRA court found, Appellant also failed to show how counsel's convictions which occurred years after Appellant's trial and involved unrelated matters, gives rise to a conflict of interest or otherwise constitutes evidence that likely would have resulted in a different verdict in the instant matter. The PCRA court correctly determined this claim lacked merit.

Appellant's final issue submits that PCRA counsel was ineffective for failing to assert in his no-merit letter that trial counsel had been ineffective for failing to "object to the prosecutor's knowing use of perjured testimony." Specifically, Appellant posits that William Fowler's statement to police, in which he identified Appellant as the shooter, is belied by the surveillance video evidence presented at trial; therefore, defense counsel should have objected

to the prosecutor's knowing introduction of this false statement as substantive evidence at trial.

Initially, we note that Appellant has failed to establish any basis for this general assertion. Moreover, as the PCRA court stated:

> The record is devoid of any evidence suggesting that Fowler's statement to police was false or that the prosecutor had any reason to believe that it was false. Accordingly, it was entirely proper for the prosecutor to introduce the signed statement after Fowler gave testimony that was substantially inconsistent with the statement during the trial. *See* Pa.R.E. 803.1(1)(b). Accordingly, trial counsel had no valid basis to object to the introduction of the statement, and PCRA counsel had no valid basis to fault trial counsel for failing to do so.

PCRA Court Opinion, filed 9/26/18, at 20. Finding no error, we affirm the PCRA court's ruling on this issue.

In sum, because none of Appellant's ineffective assistance of counsel claims entitle him to post-conviction relief, we affirm the PCRA court's order denying his PCRA petition without a hearing.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/28/19

- 13 -